UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11081-GAO

R&B SPLICER SYSTEMS, INC.,
Plaintiff,

v.

WOODLAND INDUSTRIES, INC.,
Defendant.

OPINION AND ORDER
March 26, 2013

O'TOOLE, D.J.

This case arises out of a contractual dispute between the two parties. The plaintiff, based in Avon, Massachusetts, is a manufacturer of machinery that automates the process of splicing paper together. The defendant manufactures asphalt-saturated felt in Griffin, Georgia. Defendant has moved to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and improper venue, respectively.

The relevant history of the controversy is this: In 2009, the defendant's president contacted the plaintiff seeking to purchase a splicer and roll stand for his manufacturing facility in Georgia. The facility employs approximately 25 people and its products are sold to customers in the Southeast and Midwest United States. The plaintiff's president, Ernest Rowe, traveled to the plant in Georgia to meet with defendant and see the machinery. After his visit, the parties negotiated by phone a contract for the purchase of two splicers; they sent documents back and forth to each other by mail. Their contract specified that defendant was responsible for arranging the shipment of the machinery to its plant and paying for any local contractors necessary to install it.

After installation, the machinery did not function properly. As a result, Rowe traveled to Georgia frequently to try to fix it. Between January 2010 and June 2012, Rowe spent approximately 80 days in Georgia servicing the machinery. Ultimately, the plaintiff did not get the equipment function to the contract's specifications. As a result, the defendant requested a refund of the payments for the machinery. The plaintiff declined to refund the payments and instituted the present action for breach of contract in this court.

The exercise of personal jurisdiction over a defendant must be authorized by the Massachusetts Long Arm Statute, Mass. Gen. Laws ch. 223A, § 3, and must be consistent with the requirements of due process. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Daynard v. Ness, Motley, Loadhold, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002).

The scope of the Massachusetts long-arm statute is construed as "coextensive with the limits permitted by the Constitution." Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011). Accordingly, the relevant analysis is the constitutional test for specific jurisdiction. To determine if the exercise of personal jurisdiction comports with due process, the plaintiff must establish three elements: (1) relatedness, (2) "purposeful availment", and (3) reasonableness. Hannon v. Beard, 524 F.3d 275, 282 (1st Cir. 2008).

There is no question that the controversy is related to the contract between the parties, which is the only basis for the defendant's contact with Massachusetts, but the other two requirements are not met.

A single commercial contract is often not sufficient to establish purposeful availment of the forum state. See Bond Leather Co. v. Q.T. Shoe Mfg. Co., Inc., 764 F.2d 928, 933 (1st Cir. 1985). That is the case here. The defendant wanted to buy machinery for its plant in Georgia. So

far as appears from the facts proffered by the parties, it was a matter of complete indifference to the defendant whether the supplier of the desired machinery was located in Massachusetts or elsewhere. The only "business" the defendant proposed to "transact" in Massachusetts was to send payment for the machinery to the plaintiff here.  In any interstate transaction, it is conceivable that one party might later invoke the jurisdiction of the courts in the State where the other party is found, but that mere possibility cannot be enough to justify a conclusion of "purposeful availment." Rather, the "availment" must be "of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." Northern Laminate Sales, Inc. v. Davis, 403 F.3d 14, 25 (1st Cir 2005) (quoting Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1089 (1st Cir. 1973)). An out of state defendant must be an active participant rather than a mere passive purchaser, who does no more than "place an order with an out of state merchant and await delivery." Bond Leather, at 933. In this case, the defendant did not solicit, regularly visit, or supervise the plaintiff during the manufacturing process. To be sure there were interstate communications by phone and mail, but no representative of the defendant ever visited Massachusetts. The parties' contract was drafted by the plaintiff and sent to the defendant in Georgia, where it was accepted by the defendant. All personal meetings between company representatives were conducted in Georgia.

     The so-called "gestalt factors" also argue against subjecting the defendant to this Court's jurisdiction. Because of its incidental connection with the controversy, Massachusetts does not have an especially strong interest in adjudicating this dispute. There is no doubt that there would be a significant burden placed on the defendant to marshal its defense here, as opposed to Georgia. Most of the witnesses would be from Georgia, and it would be an imposition to require

them to travel to Massachusetts for trial. Moreover, this Court's subpoena power could not compel reluctant non-party witnesses resident in Georgia to appear here. The interest of the judicial system in an efficient and effective resolution of the controversy counts against Massachusetts as a forum.

Accordingly, I conclude that this Court lacks personal jurisdiction over the defendant. Since there is a genuine controversy that needs resolution, rather than dismiss this case and force a refilling in Georgia, alternate relief is appropriate. This case shall be transferred forthwith to the Northern District of Georgia, pursuant to 28 U.S.C. § 1404(a).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge